**SO ORDERED.**

**SIGNED this 6th day of April, 2023.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Tezrah Dornyelle Crosson, | ) | Case No. 23-10021 |
| | ) | |
| Debtor. | ) | Chapter 13 |

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO**
**DEBTOR'S CLAIM FOR PROPERTY EXEMPTIONS**

This case is before the Court on the Standing Trustee's ("Trustee") objection to Debtor's exemptions. The Court held a hearing on the objection on April 4, 2023, and took the matter under advisement. For the reasons set forth herein, the Court will sustain Trustee's objection and disallow the exemption in Debtor's life insurance policy.

On January 16, 2023, Debtor filed Official Form 106A/B, Schedule A/B: Property within Debtor's Chapter 13 Petition, ECF No. 1. Debtor's Official Form 106A/B declared Debtor's interest in an insurance policy provided by State Farm Insurance, "State Farm Policy# 8747," with a surrender or refund value of $2,211.56.

1

Debtor's Petition also included Form 91C, Debtor's Claim for Property Exemptions. In Form 91C, Debtor listed State Farm Policy# 8747 as an exempt life insurance policy under N.C.G.S. § 1C-1601(a)(6) and art. X, § 5 of the N.C. Const.

On March 16, 2023, Trustee objected to Debtor's claimed exemption in the life insurance policy, asserting that the policy does not qualify as an exempt asset under N.C.G.S. § 1C-1601(a)(6) and art. X, § 5 of the N.C. Const. because the policy is not solely for the benefit of Debtor's children, spouse, or both. Prior to the hearing, Debtor filed a copy of the declaration page to the policy, to which the parties stipulated at the hearing. The declaration page identifies the beneficiaries under the policy as follows: "Primary: Piedmont Business Capital, 15%; Nikayla C Shamberger, Child, 44%; Aaron E Shamberger Jr, Child, 41%." Debtor argues that the percentages under the policy for his dependent children are exempt because those portions are solely for the benefit of his children, and that North Carolina law requires courts to construe property exemptions liberally.

## DISCUSSION

N.C.G.S. § 1C-1601(a)(6) provides that a debtor "is entitled to retain free of the enforcement of the claims of creditors . . . [l]ife insurance as provided in Article X, Section 5 of the Constitution of North Carolina." That section of the North Carolina Constitution provides:

> A person may insure his or her own life for the sole use and benefit of his or her spouse or children or both, and upon his or her death the proceeds from the insurance shall be paid to or for the benefit of the spouse or children or both, or to a guardian, free from all claims of the representatives or creditors of the insured or his or her estate. Any insurance policy which insures the life of a person for the sole use and benefit of that person's spouse or children or both shall not be subject to the claims of creditors of the insured during his or her lifetime . . . .

N.C. CONST. art. X, § 5.

The North Carolina Supreme Court has consistently held that debtors' claims for exemptions are to be given a liberal construction in favor of the exemption. See e.g. Elmwood v. Elmwood, 295 N.C. 168, 185, 244 S.E.2d 668, 678 (1978). This Court has explained, "[i]f it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." In re Man, 428 B.R. 644, 653 (Bankr. M.D.N.C. 2010) (citing Elmwood, 295 N.C. 168; Goodwin v. Claytor, 137 N.C. 224, 49 S.E. 173, 177 (1904); Kinlaw v. Harris, 689 S.E.2d 428 (N.C. Ct. App. 2009)). Nevertheless, "the actual language used in a statute, including the state constitution, still must control; *ie,* 'sole use and benefit' means 'sole use and benefit.'" In re Eshelman, No. 11-08925-8-SWH, 2012 WL 1945709, at *1 (Bankr. E.D.N.C. May 30, 2012) (citing State ex. Rel. Martin v. Preston, 385 S.E.2d 473, 479, 325 N.C. 438, 449 (1989), for the proposition that "where the meaning is clear from the words used, [the court] will not search for a

3

meaning elsewhere;" and disallowing exemption of a life insurance policy that was for the benefit of a trust, where the trust provided that the trustee could use trust assets to satisfy creditor claims against the decedent's estate, and therefore the policy was not solely for the benefit of the debtor's spouse or children); see also In re Foster, No. 11-02711-8-JRL, 2011 WL 5903393, at *2 (Bankr. E.D.N.C. Nov. 1, 2011) (disallowing exemption of proceeds of a life insurance policy upon the death of the debtor where the policy provided that the proceeds could be used both to satisfy creditor claims against the decedent's estate and for the benefit of decedent's children, and therefore was not for the sole benefit of the debtor's spouse or children).

Although the court in Foster was considering a different portion of the constitutional provision than the one at issue in this case, the provision similarly cannot be construed to permit exemption of the policy in this case.  That court applied the language in the first sentence of art. X, § 5.  That portion of the provision protects the proceeds of a life insurance policy from the creditors of a decedent or the decedent's estate upon the death of the insured, providing that, if a person "insure[s] his or her own life for the sole use and benefit of his or her spouse or children or both," then "upon his or her death the proceeds from the insurance shall be paid to or for the benefit of the spouse or children or both, or to a guardian, free from all claims

4

of the representatives or creditors. . . ." N.C. CONST. art. X, § 5. In this case, Debtor is not deceased; and the proceeds of a life insurance policy payable at Debtor's death are not at issue. Therefore, this provision does not protect the policy from Debtor's creditors.

The second sentence permits a debtor to exempt certain life insurance policies during the debtor's life, but only to the extent that such "policy . . . insures the life of a person for the sole use and benefit of that person's spouse or children or both shall not be subject to the claims of creditors of the insured during his or her lifetime. . . ." Id. In this case, Debtor's insurance policy insures the life of Debtor for the benefit of both Debtor's children and Piedmont Business Capital. Therefore, as in Eshelman, the policy does not insure the life of Debtor for the sole use and benefit of Debtor's spouse or children or both,[1] as required in order to be eligible for exemption.

Accordingly, the Court will sustain Trustee's objection.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that Trustee's Objection to Debtor's Claim For Property Exemptions, ECF No. 14, is sustained, and Debtor's claim of exempt property in State Farm Policy# 8747 is disallowed.

---

[1] If the policy itself were severable for purposes of exemption, the verbiage "or both" would be superfluous. See Winkler v. N.C. State Bd. of Plumbing, 374 N.C. 726, 730, 843 S.E.2d 207, 210 (2020) ("[C]ourts should construe the statute so that none of its provisions shall be rendered useless or redundant.")

[End of Document]

[End of Document]

PARTIES TO BE SERVED

TEZRAH DORNYELLE CROSSON
2010 E. FLORIDA STREET
GREENSBORO, NC 27401

JOHN T ORCUTT ESQ
6616-203 SIX FORKS ROAD
RALEIGH NC 27615

BENJAMIN D BUSCH
LAW OFFICES OF JOHN T ORCUTT
600 GREEN VALLEY ROAD SUITE 210
GREENSBORO NC 27408

ANITA JO KINLAW TROXLER
GREENSBORO CHAPTER 13 OFFICE
500 W. FRIENDLY AVE.
P.O. BOX 1720
GREENSBORO, NC 27402-1720

WILLIAM P MILLER
BANKRUPTCY ADMINISTRATOR
101 SOUTH EDGEWORTH STREET
GREENSBORO, NC 27401-6024